HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-cv-00675-RAJ |
| APPROXIMATELY 74,000 ITEMS OF STOLEN MERCHANDISE, | **ORDER** |
| Defendant. | |

THIS MATTER comes before the Court Plaintiff's Motion for Default Judgment of Forfeiture. Dkt. # 11. The Court **GRANTS** the motion.

//
//
//
//
//

ORDER – 1

## I.  BACKGROUND

Plaintiff, the United States of America ("Government"), brings this *in rem* action seeking forfeiture under 18 U.S.C. § 981(a)(1)(c), for 74,000 items of stolen merchandise ("Defendant Property") which were located at a storefront, warehouse, and residence. *See* Dkt. # 1 ¶¶ 1–4. The Government asserts that Defendant Property constitutes or is derived from proceeds of sale or receipt of stolen property and interstate transportation of stolen property. *See id*. ¶ 1. The Government states that forfeiture is appropriate because Defendant Property is the fruit of an organized retail theft operation and scheme where the property was sold on eBay and Amazon to buyers outside Washington State using the United States mail and private mail carriers. *Id*. ¶¶ 10–11.

After filing the Complaint, the United States provided notice to potential claimants. Dkts. # 2, 5–6. No person has filed a claim to the property in this matter within the required period. On August 6, 2024, the Clerk of the Court entered default judgment against all potential claimants. Dkt. # 10. The Government now moves for default judgment of forfeiture. Dkt. # 11.

## II.  LEGAL STANDARD

"The Due Process Clause of the Fifth Amendment guarantees that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.' Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property." *United States v. James Daniel Good Real Prop*., 510 U.S. 43, 48 (1993) (citations omitted). Due process is satisfied when the Government complies with the notice requirements set forth by statute and in the federal and local rules of procedure.

Civil forfeitures of real property are governed generally by 18 U.S.C. § 985. Forfeiture actions *in rem* arising from a federal statute are governed by the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule" or "Supp. Rule"). *United States v. Real Prop*.,

ORDER – 2

135 F.3d 1312, 1315 (9th Cir. 1998); *see also* Supp. Rule A(1)(B); Supp. Rule G (setting forth specific procedural and notice requirements). The Western District of Washington Local Rule 55 sets forth the procedures for obtaining default judgment.

### III.    ANALYSIS

Supplemental Rule G(4) requires the Government to provide both general notice to the public and direct notice of the forfeiture action to any known person who reasonably appears to be a potential claimant. Fed. R. Civ. P. Supp. G(4)(a), (b).

#### A.    Public Notice

Rule G(4)(a)(ii) provides that "a published notice must: (A) describe the property with reasonable particularity; (B) state the times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be served with a claim and answer."

Here, the Declaration of Publication indicates the Government published the required notice of the Government's Complaint on the official internet site (www.forfeiture.gov) for 30 consecutive days, beginning on May 17, 2024. Dkt. # 9. The notice describes the property, 74,000 items of stolen merchandise. Dkt. # 6 at 2. The notice describes the three locations of its seizure: 1) a storefront located at 13622 1st Avenue South, Burien, Washington; 2) a commercial warehouse located at 13620 1st Avenue South, Burien, Washington; and 3) a residence located at 183 SW 359th Place, Federal Way, Washington. *Id*. In accordance with Rule G(5), the notice states that claims and answers must be brought within 60 days from the first day the notice is published. *Id*. It also names Krista K. Bush as the government attorney to be served with the claim and answer. *Id*. Thus, the Government has satisfied the requirements of Rule G(4)(a)(ii).

#### B.    Direct Notice

Rule G(4)(b) sets forth the requirements for direct notice to known potential claimants. It provides that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts

ORDER – 3

known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Fed. R. Civ. P. Supp. G(4)(b)(i).  The notice must state: "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. G(4)(b)(ii).

The record indicates the Government complied with the direct notice rules.  The Government sent notice of the action and a copy of the complaint to six potential third parties to fourteen addresses on May 16, 2024. Dkt. # 2.  After discovering additional addresses of potential third parties, the Government sent notice to four more addresses. Dkt. # 5.  As to the sufficiency of the notices, the Government's filings indicate that the notices were sent on May 16, 2024, provide a 35-day deadline for filing a claim and a 21-day deadline for submitting an answer or a motion, and list Krista K. Bush as the government attorney to be served with the claim and answer.  *Id*.  Therefore, the Government has satisfied the requirements of Rule G(4)(b).

### IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Default Judgment. Dkt. # 11.  The above-captioned property is fully and finally forfeited, in its entirety, to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C).  It is further ordered that Defendant Property be disposed of according to law.

Dated this 13th day of November, 2024.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4